

FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 06 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### SHELBY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 11-40564 |
| **HICKORY LOG BARBEQUE OF** ) | Chapter 11 |
| **FOREST CITY, INC.,** ) | |
| ) | |
| *Debtor(s).* ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY
### 11 U.S.C. § 362(d) and (e)

THIS CAUSE comes before the Court upon the Motion (the "Motion") of Carolina Trust Bank (the "Movant") pursuant to 11 U.S.C. § 362(d) and (e), and Fed. R. Bank. Proc. Rules 4001 and 9014, for an Order terminating, annulling, or modifying the stay imposed by 11 U.S.C. § 362(a) to the extent necessary to allow it to foreclose its security interest in certain real property as described herein. The Court finds as follows:

1. The Debtor filed for relief under Chapter 11 of the U.S. Bankruptcy Code on September 1, 2011. No Trustee or Creditor Committee has been appointed and the Debtor is acting as a Debtor-in-Possession herein.

### Relief from Stay As To Real Property
### Located at 1163 W. Main Street, Forest City, North Carolina

2. On or about August 28, 2008, the William J. Gold and Patsy M. Gold (collectively, "Gold") executed and delivered unto the Movant, in exchange for money loaned in the sum of $600,000.00, that certain Promissory Note (the "Note") and that certain Business Loan Agreement (the "Loan Agreement"), copies of which are attached to the Motion as Exhibits "A" and "B", respectively.

3. Pursuant to the terms of the Loan Agreement and Note, Gold agreed to repay the amount advanced, together with interest thereon pursuant to the terms set forth therein.

178995.1

4. In order to secure repayment of the amounts advanced by the Movant pursuant to the Note, the Debtor, an entity wholly owned by Gold executed and delivered unto the Movant a Commercial Guaranty Agreement (the "Guaranty"), a copy of which is attached to the Motion as Exhibit "C", guarantying payment unto the Movant of the sums advanced to Gold.

5. In addition thereto, Gold granted to the Movant a security interest by Deed of Trust in a parcel of real property located at 1163 W. Main Street, Forest City, Rutherford County, North Carolina (the "Real Property"), a copy of said Deed of Trust being attached to the Motion as Exhibit "D".

6. The lien the Movant has against the Real Property was duly perfected by recording said Deed of Trust in the office of the Register of Deeds for Rutherford County, North Carolina on August 28, 2008 in Book 1020 at Page 438.

7. On or about May 30, 2010, Movant and Gold entered into a certain Modification of Secured Note agreement (the "Modification"), a copy of which is attached to the Motion as Exhibit "E", pursuant to the terms of which Gold were to make monthly payments commencing June 30, 2010 in the amount of $4,525.00.

8. Gold (as makers and primary obligors under the Note) and the Debtor (as guarantor under the Note) are now in default and past due as follows:

| Month | Amount Due | Amount Paid | Amount Past Due |
|---|---|---|---|
| June 2011 | $4,525.00 | $1,200.00 | $3,325.00 |
| July 2011 | $4,525.00 | $1,500.00 | $3,025.00 |
| Aug. 2011 | $4,525.00 | $ 0.00 | $4,525.00 |
|  |  | **Total:** | **$10,875.00** |

9. Gold and the Debtor were further due the additional sum of $4,525.00 on September 2, 2011.

10. Movant has exercised its rights under the Note and Loan Agreement and has accelerated the sums due under the Note, which are due and payable in full as follows (as of September 1, 2011, plus such additional attorneys' fees and costs as shall accrue):

| | |
|---|---|
| Principal: | $527,956.21 |
| Accrued Interest: | $1,069.62 |
| Accrued Fees: | $6,213.09 |
| **TOTAL BALANCE DUE (as of September 1, 2011):** | **$535,238.93** |
| **Daily Interest Rate (after 2:00 p.m. on September 1, 2011):** | **$106.32** |

11. Based upon the Rutherford County Tax valuation, the approximate value of the Real Property is $384,400.00. The appraised value of the Real Property, according to Tanner Real Estate Services, as of January 2, 2011 was $525,000.00. Gold have no equity in the property.

12. The Rutherford County, North Carolina ad valorem taxes on the property are past due and owing in the total sums as follows:

        2009        $3,538.95
        2010        $3,380.61
        2011        $3,152.08

13. The Debtor is the lessee of the Real Property from Gold and operates its business activities at, in, and about the Real Property.

14. The Debtor's interest as lessee in the Real Property is property of the Debtor's estate herein and Movant's foreclosure of the Real Property will terminate the Debtor's rights and lessee.

### Relief from Stay As To Inventory and Equipment

15. Movant has withdrawn, without prejudice, its portion of the Motion as it relates to the Business Collateral.

Based upon the foregoing, the Court concludes as follows:

16. Movant should be granted relief from stay to foreclose on the Real Property and subsequently remove the Debtor as a tenant pursuant to Section 362(d) of the Bankruptcy Code upon the grounds that:

    a. Movant's interest in the Real Property is not adequately protected; and

    b. Gold and the Debtor do not have any equity in the property and such property is not necessary to an effective reorganization.

NOW, THEREFORE, the Court Orders as follows:

    1. That the stay imposed by 11 U.S.C. § 362(a) be terminated, annulled or modified to permit Carolina Trust Bank to foreclose its security interest in the certain real property described above, and subsequently evict and remove the Debtor as tenant therein, and that said relief is immediate, and the 10 day waiting period of Fed. R. Bankr. Proc. Rule 4001(a)(3) does not apply;

    2. That the hearing of this motion is the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing is consolidated herein;

    3. Movant is allowed a period of 180 days within which to file a proof of claim for any deficiency arising hereunder.

*This Order has been signed electronically*        *United States Bankruptcy Court*
*The judge's signature and court's seal*
*appear at the top of the Order.*

178995.1